(No. 79-CC-0724-)

REGNAL J. JONES, Claimant, *v.* THE BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES, Respondent.

*Opinion filed February 4, 1983.*

JULIUS L. SHERWIN, for Claimant.

NEIL F. HARTIGAN, Attorney General (KENNETH G. KOMBRINK, Special Assistant Attorney General, of counsel), for Respondent.

POCH, J.

The Claimant, Regnal J. Jones, has filed a claim against the Board of Governors of the State Colleges and Universities seeking $15,000.00 in damages for an alleged break of an employment contract. The claimant had been employed by the Chicago State University as a non-tenured assistant professor of biology for a number of years before the academic year 1976-1977 at a salary of $15,000.00.

On June 14, 1976, the vice-president for academic affairs, Dr. Allan DeGiulio, sent a letter to the Claimant offering him a probationary contract as assistant professor commencing September 1, 1976. The letter went on to indicate that tenure could be possible a year later. The Claimant sent Dr. DeGuilio a letter that was received at Chicago State University on June 24, 1976, which stated in part "I accept the University's offer of employment

for the academic year 1976-77." During negotiations before June 24, 1976, the Claimant was asked to sign a letter of acceptance drafted by the University. He refused to do so and sent in his own letter of acceptance.

The Claimant reported to work at the commencement of the academic year in September 1976. He was refused a class assignment and was not allowed to teach at the University. During that academic year he attempted to obtain other suitable employment but was able to work for only two months and earned only $4,000.00.

The Claimant seeks damages for the alleged breach of the employment agreement offered by the University and accepted by the Claimant. The Respondent claims that the refusal to sign the acceptance letter drafted by the University is a refusal to accept all terms and conditions of the offer and thus is not an acceptance.

The written offer of June 14, 1976, issued by the University was not conditioned upon other conditions or time restrictions upon its acceptance. It was not withdrawn before the acceptance.

A contract exists when there is an offer accepted by the recipient and consideration for the performance of certain acts. In this case the University made an unconditional written offer of June 14, 1976, to the Claimant. The Claimant's acceptance was received by the University on June 24, 1976. The consideration was for the Claimant to teach and for the University to provide a place to teach and to pay the annual salary of $15,000.00. Therefore, there was valid employment contract existing on June 24, 1976. The refusal of the University to accept the Claimant when he reported to work at the commencement of the academic year constitutes a breach of the Claimant's contract entitling him to an award of damages for the breach.

The Claimant was able to find work for the academic year 1976-77 for only two months and earned $4,000.00. That sum is to be credited against the award of damages. If the University had allowed the Claimant to work he would have been paid $15,000.00 for the 10-month academic year. The breach of the employment contract by the Respondent entitles the Claimant to an award of the salary he would have have earned pursuant to the contract ($15,000.00) less the amount actually earned through other employment ($4,000.00). Therefore, the Claimant is entitled to an award of eleven thousand dollars ($11,000.00).

It is hereby ordered that the Claimant, Regnal J. Jones, be awarded the sum of eleven thousand dollars ($11,000.00).